**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEAN HIMBLER AVILES, | ) Case No. CV 20-2621-JGB (JPR) |
| Plaintiff, | ) |
| | ) ORDER DISMISSING FIRST AMENDED |
| v. | ) COMPLAINT WITH LEAVE TO AMEND |
| JASON UR et al., | ) |
| Defendants. | ) |

On March 19, 2020, Plaintiff, proceeding pro se, filed a civil-rights action against Defendant Long Beach Police Detective Jason Ur in his individual and official capacities, seeking injunctive and declaratory relief and compensatory and punitive damages.  He was subsequently granted leave to proceed in forma pauperis.  On April 13, the Court dismissed the Complaint with leave to amend.  On May 5, he filed a First Amended Complaint, adding Lynd Jason Allen, Thomas Joseph Smith, and Heather L. Cohen as Defendants.  (See FAC at 1.)  He now purports to bring a "qui tam" action under the False Claims Act.  (Id.)

After screening the FAC under 28 U.S.C. § 1915(e)(2), the Court finds that its allegations fail to state a claim on which relief might be granted. Because its claims might be cured by amendment, the FAC is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear that deficiencies cannot be cured). If Plaintiff desires to pursue this action, he is ordered to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.

**STANDARD OF REVIEW**

A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must generally accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted); Byrd v. Phx. Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam).

**DISCUSSION**

**The FAC Fails to State a Claim on Which Relief Might Be Granted**

Plaintiff's original Complaint raised 42 U.S.C. § 1983 claims, among others, against Ur in his individual and official capacities, alleging that he "failed to stop and protect [Plaintiff] from Federal Protective Service Officers using excessive force and injuring [him], causing [him] to have a brain concussion" (Compl. at 2; see id. at 1) and made "false statements" in a police report, resulting in Plaintiff being "falsely imprisoned for 656 days" (id. at 2). He also alleged that Ur was "stalking" him. (Id.) On April 13, 2020, the Court dismissed the Complaint with leave to amend, finding that the official-capacity claims failed because Plaintiff did not identify an "official policy or longstanding [municipal] custom"

that caused his injuries (Apr. 13, 2020 Dismissal Order at 3-5), and his individual-capacity claims failed because he stated mostly conclusory allegations that did not put Ur on notice of the claims against him (id. at 6-10). Specifically, the Court noted that Plaintiff appeared to be complaining about an incident that resulted in his being taken into federal custody and charged with assaulting a federal officer with a deadly and dangerous weapon, causing bodily injury. (See id. at 7 (citing United States v. Aviles, No. 2:18-CR-00175-CAS-1 (C.D. Cal. Mar. 15, 2018)).) Despite correctly alleging that he was acquitted of all charges stemming from that incident, Plaintiff nevertheless failed to allege any facts to support an inference that the force used during it was unreasonable or that Ur lied in his police report about what occurred. (Id.) The Court also explained that to prevail on a § 1983 claim of malicious prosecution or unlawful arrest or detention, Plaintiff had to adequately allege that he was arrested or prosecuted without probable cause, which he had not done. (Id. at 8-9.)

Instead of remedying these deficiencies, Plaintiff brings entirely different claims relying on similar conclusory allegations against Ur, repeating them against Allen, Smith, and Cohen. (See FAC at 1-2 (alleging that all four Defendants "assaulted" him and "[f]alsely [a]ccused, . . . [a]rrested and . . . [i]mprisoned [him] for 656 [d]ays").) Because he has not remedied any of the deficiencies identified in the original dismissal order, the FAC is subject to dismissal for the same reasons as the Complaint.

Asserting that he is raising a "qui tam" action under the False Claims Act does not rescue Plaintiff from having to support his claims with nonconclusory allegations. The FCA imposes civil liability on any person who, among other things, "knowingly presents . . . a false or fraudulent claim for payment or approval" to the federal government. 31 U.S.C. § 3729(a)(1)(A). A private person, called a relator, may bring an FCA action "in the name of the Government," known as a qui tam action. Id. § 3730(b)(1). But it is well settled that a qui tam action may not be brought by a pro se plaintiff. See Stoner v. Santa Clara Cnty. Off. of Educ., 502 F.3d 1116, 1126-27 (9th Cir. 2007). Thus, Plaintiff's pro se FCA claims fail at the starting gate.

Further, he has not satisfied — or even alleged that he has satisfied — any of the procedural requirements for a qui tam action. For instance, a relator bringing an FCA action must serve "[a] copy of the complaint and written disclosure of substantially all material evidence and information . . . on the Government" and file the complaint "in camera and under seal." § 3730(b)(2).

Finally, even if Plaintiff had followed the procedural requirements, he has not alleged an actionable FCA claim. A qui tam action must allege a fraud committed on the government. § 3729. But Plaintiff has alleged only wrongs committed against him personally. His suggestion that the government incurred tangential costs because of Defendants' unconstitutional conduct (see FAC at 3) is not well taken given that he does not allege that any of those costs stemmed from false claims for payment that Defendants submitted to the government. See Neville v.

1  Cervone, No. 1:12-cv-159-SPM-GRJ., 2012 WL 4208761, at *1 (N.D.
2  Fla. Aug. 3, 2012) (holding that plaintiff did not state FCA
3  claim against defendant — a prosecutor — for pursuing false
4  arrests and prosecutions when he had not alleged that any false
5  claims for payment were submitted to government by defendant),
6  accepted by 2012 WL 4208333 (N.D. Fla. Sept. 19, 2012).
7       Plaintiff's FCA claims are foreclosed as a matter of law.
8  Because the FAC purports to bring only such claims, it is subject
9  to dismissal without leave to amend.  But because Plaintiff
10 originally raised civil-rights claims and still maintains that
11 his civil rights were violated (see FAC at 1-2 (alleging that
12 Defendants violated his constitutional right to be free from
13 unreasonable seizures); id. (alleging that force use against him
14 was unconstitutional)), the Court gives him one more chance to
15 allege those claims sufficiently.
16                       ********************
17   If Plaintiff desires to pursue his civil-rights claims, he
18 is ORDERED to file an amended complaint within 28 days of the
19 date of this order, remedying the deficiencies discussed above
20 and in the order dismissing the original Complaint.  The SAC
21 should bear the docket number assigned to this case, be labeled
22 "Second Amended Complaint," and be complete in and of itself,
23 without reference to his FCA claims or the First Amended
24 Complaint, the original Complaint, or any other pleading.
25 **Plaintiff is warned that if he fails to timely file a sufficient**
26
27
28

6

**SAC, the Court may dismiss this action on the grounds set forth above or for failure to diligently prosecute.**[1]

DATED: June 2, 2020

JESUS G. BERNAL
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

---

[1] On April 29, 2020, Plaintiff filed a separate civil-rights action against Defendant Cohen, stating factual allegations virtually identical to those made against her here. See Compl. at 2, Aviles v. Cohen, No. 20-cv-3899-JGB (JPR) (C.D. Cal. Apr. 29, 2020) (alleging that Cohen "failed to stop and protect [him] from Federal Protective Service Officers using excessive force and injuring [him], causing [him] to have a brain concussion," and "false[ly]" accused him in police report, causing him to be "falsely imprisoned for 656 days"). Thus, if Plaintiff amends this action to raise civil-rights claims against Cohen and the other Defendants, his separate action against Cohen would likely be duplicative and would be subject to dismissal on that basis. See Adams v. Cal. Dep't of Health Serv., 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). To the extent Plaintiff amends his complaint here to once again raise civil-rights claims, he may wish to voluntarily dismiss his separate complaint against Cohen. See Fed. R. Civ. P. 41(a).