**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEAN HIMBLER AVILES,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>JASON UR et al.,<br><br>　　　　　Defendants. | ) Case No. CV 20-2621-JGB (JPR)<br>)<br>)<br>) ORDER DISMISSING ACTION FOR<br>) FAILURE TO PROSECUTE, FAILURE TO<br>) OBEY COURT ORDERS, AND FAILURE TO<br>) STATE A CLAIM<br>)<br>) |

On March 19, 2020, Plaintiff filed a civil-rights action under 42 U.S.C. § 1983. He was subsequently granted leave to proceed in forma pauperis. On April 13, June 2, and July 23, 2020, the Court dismissed his complaint, a First Amended Complaint, and a Second Amended Complaint, respectively, with leave to amend because he had failed to state a claim in any of them. In each of the dismissal orders, Plaintiff was warned that failure to file a timely amended complaint could result in his lawsuit being dismissed. In the most recent order, he was advised that the lawsuit would "likely" be dismissed if he did not comply with the court's orders because he had "already been given numerous opportunities to cure the deficiencies in his

claims and ha[d] repeatedly disregarded the Court's instructions on how to remedy them."

Plaintiff's most recent deadline to file an amended complaint was August 20. He has neither done that nor requested an extension of time to do so. Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file a third amended complaint. Thus, he has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available, as all of Plaintiff's complaints fail to state a claim and cannot be ordered served, and he is unable or unwilling to comply with

the Court's instructions for fixing them. Indeed, some of his complaints have bordered on frivolous, purporting to proceed on criminal-law or False Claims Act theories. Because none of Plaintiff's claims can be ordered served, the Court is unable to manage its docket. Although the fourth <u>Carey</u> factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); <u>Baskett v. Quinn</u>, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute, failure to obey court orders, and for the reasons stated in the Court's April 13, June 2, and July 23, 2020 orders.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 28, 2020

JESUS G. BERNAL
U.S. DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge

3